### ESTATE OF WELLS.

*May 7—June 3, 1924.*

*Wills: Direction to deduct advances as shown by designated memorandum: Conclusiveness.*

A mother's will stated that a record of advances from the father to his children had been made and was kept in the mother's safety deposit box, and that such amounts should be deducted from the children's shares before they should receive any share from her estate. *Held,* that the accounts referred to, though imperfectly kept or erroneous, were conclusive as to the amount of advances to be deducted, and were admissible, sec. 4189, Stats., in no way governing the admissibility of the accounts in evidence. p. 245.

APPEAL from a judgment of the county court of Green county: JOHN M. BECKER, Judge. *Reversed, with instructions.*

For the appellant there was a brief by *John D. Dunwiddie* of Monroe and *Sanborn, Blake & Aberg* of Madison, and oral argument by *Mr. John B. Sanborn* and *Mr. Dunwiddie.*

For the respondent there was a brief by *Hill, Thomann & Beckwith* of Madison, and oral argument by *A. J. Thomann.*

OWEN, J.   The will of Alice Wells, who survived her husband, contained this provision:

"My sons, *Peter Wells,* Sidney Wells, and Fred Wells, have received advances from their father from time to time. A record of the total amount of these respective advances has been made, and is kept in my lock box at the First National Bank, Monroe, Wisconsin.   In the distribution of my estate as hereinafter provided, it is my will that said respective amounts above mentioned, or any portion thereof remaining unpaid at the time of my death, shall be first deducted from their respective shares before they shall receive any share from my said estate."

The son *Peter Wells* objected to the deduction from his share of the amount appearing in the account referred to in the will, upon the following grounds:

"(1) That the book accounts of the advancements referred to in the fourth paragraph in said will of Alice Wells, deceased, were not the records as kept by the father of said *Peter Wells;* (2) that the book accounts above referred to have been materially changed, altered, and erased and is not the original book of accounts kept by the said father of *Peter Wells;* (3) that the said *Peter Wells* is not and never at any time was indebted to his father in the amount specified in said book of accounts."

The county court found that the testatrix, previous to the execution of the will, had cut the leaves from the book of accounts in which the various charges against the sons had been kept, and placed these leaves in her lock box at the First National Bank of Monroe.   The leaves upon which had been kept the account of the advancements made by the father to the son, *Peter Wells,* were excluded from evidence for the reason that the court was not "satisfied that they are genuine" because numerous erasures and alterations therein were manifest upon the face of the account. For this reason the court held the accounts inadmissible under the provisions of sec. 4189, Stats.   The court then

took evidence concerning the actual amounts which had been advanced to *Peter* by his father during his lifetime, finding the amount to be $2,545.13 instead of the sum of $4,306 appearing from the account. From the judgment entered in accordance with such finding the executrix appealed.

The admissibility of these leaves in evidence was in no manner dependent upon or governed by the provisions of sec. 4189. That the amount which had been advanced by the father to the sons, as disclosed by the accounts which the father had kept, and to which testatrix referred, was to be deducted from the share of each son, was the evident intention of the testatrix. She does not provide in her will that the amounts actually advanced by her husband to their sons should be deducted, leaving the amount to be determined upon a trial by the court where each item might become the subject of dispute. She provided that "in the distribution of my estate . . . it is my will that said respective amounts above mentioned . . . shall. be first deducted from their respective shares," etc. To what do the terms "said respective amounts above mentioned" refer? Manifestly they refer to the "record of the total amount of these respective advances . . . kept in my lock box at the First National Bank." Whether those accounts were right or wrong, the sums indicated thereby were to be deducted from the respective shares of the sons. For the purpose of her will those sums were to be regarded as verities. Plainly, it was her purpose to foreclose any controversy concerning the amounts which the father had advanced to the sons.

It is contended by the respondent that the provision of the will under consideration discloses an intention on the part of the testatrix to deduct the actual amount of the advances made by the father to the sons from their respective shares of her estate. We do not think the language can be so construed. It was no doubt her purpose to leave to her sons an equal proportion of her estate, taking into consideration the advances made by the father. But it is

also clear that the accounts as kept by the father with the respective sons and disclosed by the documents kept in her lock box, referred to in her will, were to be regarded as conclusive of the amounts so advanced. The accounts might have been imperfectly kept. They might have been erroneous. But for her purposes they were to be regarded as verities. She adopted them as correctly stating the amount of the advances, and plainly directed that those amounts should be deducted from the respective shares of the three sons.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with instructions to deduct the sum of $4,306 from the share of *Peter Wells* in the distribution of the estate.