ESTATE OF MANDERSCHEID: MANDERSCHEID, Executor, and others, Appellants, vs. MANDERSCHEID and others, Respondents.

*January 14—February 8, 1927.*

*Wills: Payments designated advancements but not such in law: Effect.*

Where a will directed that certain payments to testator's children, designated in the will as advancements, be added to the residuary estate and equally divided among the children so that in the end the share of each child would constitute an equal part of the estate, such directions must be followed even if the payments referred to were not, in contemplation of law, advance-

ments, and although the testator may have been mistaken in believing that the method he prescribed would result in an equal division of the estate.

APPEAL from a judgment of the county court of Fond du Lac county: A. E. RICHTER, Judge. *Reversed.*

For the appellant *Louis Manderscheid,* executor, there was a brief by *Husting & Husting* of Mayville, and oral argument by *B. A. Husting.*

*T. L. Doyle* of Fond du Lac, for the appellants *Luella Brodd* and *Arthur Manderscheid.*

For the respondent *Henry Manderscheid* there was a brief by *A. B. Schuchardt* and *Gooding, Keck & Gooding,* all of Fond du Lac.

*J. P. McGalloway* of Fond du Lac, for the respondent *Clara Manderscheid,* and *L. E. Lurvey* of Fond du Lac, guardian *ad litem* for minors.

OWEN, J. This is an appeal from a judgment of the county court of Fond du Lac county construing the will of Theodore Manderscheid, deceased. The will provided:

"After the death of my wife Susan, or on her remarriage, I give and devise and bequeath the remainder of all my said estate as follows: I have advanced to my son *Henry* $4,500, to my son *Arthur* $500, to my son *Louis* $4,000, to my son Percel $5,500, to my daughter *Ella* $500, and these sums so advanced shall be added to the residue of my estate and that sum divided into five equal parts, each such child to have in all a fifth share of my whole estate in the end, such fifth share being made up of said advancements and what they are to receive after my death as aforesaid."

The son *Henry* filed a petition denying that his father had made advancements to him in the sum of $4,500 prior to his death, but that $4,000 so paid to him was money bequeathed to him by his mother and grandparents, and which came into the hands of his father as his guardian, and that it was not an advancement made by the father out of the father's es-

tate.  He prayed for an order construing the will so as to exclude such $4,000 as an advancement.  The administratrix of the estate of Percel Manderscheid filed a similar petition.

The court took testimony and made findings of fact to the effect that *Henry Manderscheid* inherited about $4,000 from his maternal grandparents, which sum was held for a time by Theodore Manderscheid, the deceased and father, as *Henry's* general guardian, and that said $4,000 constituted a part of said $4,500 which he referred to in his will as an advancement.  He also found that *Louis* and Percel remained at home at the request of the testator after they had arrived at their maturity and worked on the farm, and that the $4,000 advanced to *Louis,* and $4,000 out of the $5,500 which is declared in his will to have been advanced to Percel, was in payment to *Louis* and Percel for their services so rendered on the farm.  He further found that, evidently, a mistake was made through a misunderstanding between the testator and the scrivener who drew and prepared the will, by erroneously designating the transactions of payments of the debts by the testator to said three sons in his will as advancements; that the main intention of the testator as expressed in his will was to divide his estate equally as near as possible among his children; that in view of this expressed intention to divide the estate equally among his children, and taking into consideration the fact that the payments of the debts of $4,000 to each of his sons *Henry, Louis,* and Percel having been erroneously designated and termed in the will as advancements, these so-called advancements to each of said sons should be disregarded in the assignment and distribution of said estate to the extent of $4,000 to each of said three sons.  The court further adjudged and decreed that the "will of said testator be and the same hereby is construed so that the advancement to the extent of $4,000 charged against *Henry Manderscheid* be and the same is set aside and disregarded, and that the advancement of $4,000 to *Louis Manderscheid* be and the same is set aside and disregarded, and

that the advancement to the amount of $4,000 to Percel Manderscheid be and the same is set aside and disregarded." From this judgment appeals were taken by *Louis Manderscheid,* the executor, *Ella Brodd,* and *Arthur Manderscheid,* legatees. Although *Louis Manderscheid* profits by the judgment of the court, it should be noted that he did not file a petition to have the advancement to him set aside or disregarded, and he appeals from the judgment of the court in his capacity as executor of the will.

This case is ruled by *Estate of Wells,* 184 Wis. 242, 199 N. W. 52, where a similar question was under consideration, and the reasoning of the opinion in that case is applicable in every particular to the situation here presented. It may be conceded that the testator had a mistaken notion of the legal significance of the term "advancement" as here used. It may also be conceded that his individual idea of equality, as revealed by the terms of his will, might not receive universal concurrence. Nevertheless, he has plainly stated in his will the method of procedure by which the amount to be received by each of his children shall be determined. The result arrived at constitutes his idea of an equal division of his estate. Even though he may be wrong, even though no one may agree with him, nevertheless he has definitely and clearly prescribed the manner in which the amount to be paid to each of his children shall be determined, and his will in this respect must be effectuated. Even though the amounts paid to his respective sons were not in legal contemplation advancements, he treated them as advancements, and he indicated his unmistakable intention to have such sums taken into consideration in arriving at the amount of the benefits which they should receive under his will. This he had a perfect right to do. He knew the circumstances under which he paid the sons the $4,000 which the court by its judgment eliminated from consideration. For reasons entirely satisfactory to himself he desired that those sums be taken into consideration in the manner indicated by him in determining

the amount which they should receive under the will. The fact that he seemed to have regarded them as advancements is immaterial. The dominating thought of the will is that they shall be taken into consideration in the manner indicated, no matter whether they are regarded in the law as advancements or not. The order and judgment of the county court in effect made a new will for the testator, and must be reversed.

*By the Court.*—So ordered.