WILL OF BYRNE: SLICHTER, Executor, Respondent, vs. BYRNE and others, Appellants.

*December 10, 1936—January 12, 1937.*

For the appellants there was a brief by *Bull, Biart & Bieberstein,* attorneys, and *Richard R. Teschner* of counsel, and oral argument by *Mr. Teschner* and *Mr. J. S. Timmons,* all of Madison.

For the respondent there was a brief by *Olin & Butler,* and oral argument by *Clifford G. Mathys,* all of Madison.

ROSENBERRY, C. J.   The testatrix left an estate of approximately $19,000.   She was never married and left as her next of kin her brothers and sisters and their descendants.   Upon her death there was taken from her safety-deposit box, the document in question.   Mr. Vivian F. Brown, the custodian, delivered it into court.   Two other persons had access to this box, C. S. Slichter, husband of the sister of deceased, and Donald C. Slichter, the executor.   A photostatic copy of the will appears herewith:

## WILL.

I, Isabel T. Byrne, of Madison, Wisconsin, declare this to be my last will and testament.

FIRST. After the payment of all my just debts and funeral expenses, I direct that a Marker be placed at my grave similar to the one placed at the grave of my sister Agnes.

SECOND. I direct that my executor repay to my brothers, George and Patrick, each an amount equal to the amount which either of them has advanced or paid to me from time to time until my death for my support and maintenance.

THIRD. I bequeath to my sisters, Maria E. Odell, Louise Slichter and Ellen Byrne Merrill, all of my household furniture, fixtures, wearing apparel and other personal property connected with my maintaining a home, subject, however, to the conditions of any note or memorandum that I may leave in regard to such articles.

FOURTH. I give, devise and bequeath all the rest and residue of my estate, real and personal, of whatsoever kind and description, to my brothers George and Patrick and my sisters Maria E. Odell, Louise Slichter and Ellen Byrne Merrill, their heirs, executors, administrators and assigns, absolutely, each share and share alike.

FIFTH. I appoint _George F. Merrill_ executor of this my last will and testament, and request that my said executor be not required to give any bond, and do hereby revoke any and all wills heretofore made by me.

In witness whereof I, Isabel T. Byrne, after this my last will and testament, subscribed my name this _28_ day of _October_ ,A.D. 1922.

_Isabel T. Byrne_ (Seal)

The only question presented upon the hearing was the form in which the will should be admitted to probate. It was the contention of the executor that the lines in the second paragraph of the will should be omitted and that the words "to my brothers George and Patrick" where they appear in the fourth paragraph should likewise be omitted. The court struck out the second paragraph and struck out the words "my brothers George and Patrick" in the fourth paragraph, and in that form admitted the will to probate.

The appellants contend, (1) that there are no definite cancellations appearing upon the face of the will, and (2) that there is no competent evidence of any intention on the part of the testatrix to revoke portions of the will. In the view which we take of the matter it will be necessary for us to consider only the first contention.

Sec. 238.14, Stats., provides:

"No will nor any part thereof shall be revoked unless by burning, tearing, canceling or obliterating the same, with the intention of revoking it, by the testator or by some person in his presence, and by his direction, or by some other will or codicil in writing, executed as prescribed in this chapter, or by some other writing, signed, attested and subscribed in the manner provided in this chapter for the execution of a will. . . ."

This statute has been in force in Wisconsin since 1849.

The question presented here is whether or not the marks made upon the will are a sufficient compliance with the statute which provides that the will or any part thereof may be revoked by cancellation. In this connection attention should be given to the fact that there was pinned to the codicil a letter addressed to Donald C. Slichter, as follows:

"Dear Donald Slichter:

"After my death when you have paid all the expenses, divide the remainder of the estate in four equal parts. You are to have one fourth, the three sisters each a fourth Ellen Merrill, Maria Odell, Mary L. Slichter each one fourth.

"Jan. 1931.                                          ISABEL BYRNE."

The will itself was executed October 28, 1922. At the time the will was executed the decedent had two brothers, George Byrne and Patrick Byrne and three sisters, Louise Slichter, Maria E. Odell and Ellen Byrne Merrill. In January, 1931, Patrick Byrne was dead, but the brother, George Byrne and the sisters, were living. The second paragraph at the time of the execution of the will was inserted for the purpose of repaying any amount to George and Patrick which might be advanced by them to her for her support. The codicil which merely names another executor was executed January 24, 1927.

The testatrix was eighty years of age at the time of the execution of the will. When the codicil was executed she was eighty-five years of age. When the letter was written she was eighty-nine years of age. There is no evidence in the record as to when the marks of cancellation were made. There is no claim that they were made by anyone other than the testatrix. All the evidence with respect to her intent must be derived from the cancellation marks themselves, aided possibly by the contents of the letter. It may be supposed, but there is no proof of the fact, that the marks of cancellation and the letter were contemporaneous acts. Some argument is made to the effect that the marks of cancellation should not be made effective because the will and the letter indicate that one was dependent upon the other. We find no evidence to sustain that contention. It is apparent that she intended to strike out the provision for her brothers in any event. The fact that she failed to make an efficient provision for her nephew, Donald Slichter, in no way indicates that one act was dependent upon the other.

It is considered that the trial court correctly held that the marks, although they were not drawn as they would have been drawn by a competent scrivener, clearly indicate that the testatrix intended to strike out those provisions of her will which made provision for her brothers. A good deal of speculative

comment might be indulged in with respect to the position of the marks upon the will which are fully disclosed by the photostatic copy. The trial court was of the view that the intention of the testatrix was apparent from an inspection of the instrument, and in that view we concur.

*By the Court.*—Order affirmed.