JACKSON v. JACKSON et al.—154 S. W. (2d) 797.

Western Section.    October 13, 1939.

Petition for Certiorari denied by Supreme Court, February 17, 1940.

J. O. Bomer, Jr., of Memphis, for plaintiff in error.

John Porter and Sam Rhem, Jr., both of Memphis, for defendants in error.

ANDERSON, J. Complainant, H. L. Jackson, filed the bill in this cause in January, 1934, against his brothers and sisters, all the parties being the children of Mrs. M. E. Jackson, deceased, who died testate in December, 1932. Defendant Sherrod Jackson was also made defendant in his capacity as administrator with the will annexed, he having been appointed and qualified as such upon the refusal to act of the person named in the will as executor. The bill sought to have the will of Mrs. M. E. Jackson construed, and certain other relief presently to be mentioned.

The will recites that each of the defendants, except Emma Jackson Fitzgerald, had been advanced certain specific sums, respectively, and directs that such advances be charged "against the shares given to each of my said children the following amounts." This is followed by the amount to be charged against each of the children with the exception mentioned. It is expressly set forth that "No advance has been made to Emma Jackson Fitzgerald." There is then this further provision: "Any advancements that I may hereafter make to any of my said children prior to my death shall also be chargeable against their said shares. In the event any of my said children shall have repaid to me before my death any of the amounts set out above, or any part thereof and shall hold any receipt therefor, then said child or children shall not be charged with so much of said amount that he or she shall have repaid."

After making certain bequests to the children of deceased children, the testatrix directed that all the rest of her property be sold and the proceeds be divided among the named children. The will is dated June 25, 1930. Mrs. Jackson died in December, 1932.

The questions for decision and how they arose can be shown best by a further examination of the pleadings.

In addition to asking for a construction of the will, the bill sought to have the defendant Mrs. Emma Jackson Fitzgerald charged with a $2,500 "advancement" alleged to have been received from her mother prior to her death and it was also alleged that the complainant had repaid to his mother before her death more than the $1,374 charged against him in the will as an "advancement." There was a further prayer that other defendants be charged with such additional "advancements" as they received since the will was made.

In a separate answer the defendant Mrs. Fitzgerald denied that she had received any money from her mother and denied that the complainant had repaid the amount charged against him in the will. The defendants Ransom Jackson and Blanch Jackson Mason filed answers, admitting the "advancements" made to them respectively as fixed in the bill and denying that the complainant had repaid the amount advanced to him. The defendant Melvin Lee Jackson in his answer averred that he had received no advancement and denied generally each and every allegation of the bill, as did the defendant Sherrod Jackson.

In October, 1935, the complainant filed an amended bill wherein he alleged that the parties had entered into an agreement by virtue of the terms of which they were to share equally in the property left by their mother and charged also that the administrator had been guilty of misconduct in the handling of the estate. In addition to certain other relief not necessary to mention, he asked for a decree adjudicating his right to receive more than one-seventh of the estate of the deceased or that he and the defendants be allowed to share equally in the estate in accordance with an alleged agreement described in the amended bill.

The defendant Melvin Lee Jackson filed an answer in which he neither admitted nor denied the allegation of the amended bill. The several answers of the other defendants, so far as necessary to be noticed, were to the effect generally that while an agreement such as that described in the amended bill was at one time contemplated it was never consummated and never became binding.

Certain other pleadings are immaterial to any question before us.

After a lapse of about five years the cause was tried in February, 1939, on oral testimony without the statutory written stipulation that it might be so tried. The evidence was preserved by a bill of exceptions in narrative form.

The Chancellor decreed that the will needed no construction; that no agreement to divide the estate equally had been consummated as charged in the amended bill; and that "the advancements set forth in the will are properly chargeable against the interests of the respective heirs and that no amounts whatsoever have been repaid on said advancements, either prior to the death of the testator, Mrs. M. E. Jackson, or since her death." He further decreed that in making settlement, interest should be charged on the "advancements" for a period of 18 months from the date of the death of the testatrix.

After an unsuccessful motion for a new trial the complainant appealed.

The first contention is that the Chancellor erred "in holding that the will proved the advancements, when in fact the law is that the will merely proves the intention of the testator that any advancements actually made or gifts actually made shall be treated as advancements but it is necessary to prove that such gifts were in fact made, and this must be proven outside the will, and no proof was offered to that effect in this lawsuit against the appellant, M. L. Jackson, and only two or three hundred dollars against Sherrod Jackson."

To support this view we are referred to 1 R. C. L., 665, section 16. That text has no application to the question here presented. It deals with "advancements" in the technical sense—a doctrine that applies only in the case of intestacy.

As stated in 1 Am. Jur., 721, section 12, and also in 1 R. C. L., 657, section 6, "The very foundation of the rule prevents the doctrine from applying unless the ancestor dies wholly intestate, and such is the general rule in the absence of statute, both in England and in the United States." The text referred to by the complainant deals with the necessity and competency of showing by evidence whether a transaction between a parent and a child was a gift or an advancement, technically speaking. It has no sort of application in a case where there was, as here, a will.

The law is this: Where a will directs that the share of a beneficiary thereunder be charged with a specific amount, whether this be done by a legalistically inapt use of the word, "advancement," or by way of gift, or in any other form, it is conclusive without regard to whether the alleged recipient actually received the amount specified. Wells' Estate, 184 Wis., 242, 199 N. W., 52; Manderscheid's Will, 192 Wis., 200, 212, N. W., 247; 1 Am. Jur., 721, sec. 12, 741, secs. 63 and 64. In such case a testator, as he has a perfect right to do, indicates his unmistakable intention to have the amount mentioned taken into consideration in determining the amount which those referred to in the will shall receive thereunder,

and this intention cannot be defeated by showing that the amount or amounts specified were not in fact received.

The next contention is that the Chancellor "erred in holding that there was no oral contract between all the parties to this cause and in not holding that there was an oral contract in the terms embodied in the written contract, or an oral contract to take under the bill (will) but to divide the property so taken equally among the parties to this cause."

The insistence is that a few days after the death of their mother, and before a will was found, all of the parties to this cause orally agreed to divide the estate equally, regardless of whether a will was subsequently found, and that this agreement was subsequently reduced to writing and signed by all of the parties except Emma Jackson Fitzgerald.

The Chancellor's finding was that ". . . considering all of the testimony, there never was a meeting of minds of all of the parties to this contract. . . . I therefore am of opinion that the written contract cannot be upheld and cannot be enforced and that accordingly leaves the will as the controlling instrument in the distribution of this deceased lady's estate."

As before stated, the case was tried on oral evidence without a written stipulation to that effect, the witnesses having been examined in open court before the Chancellor. So it was tried according to the forms of law and in these circumstances, as we have said numerous times, a finding of fact by the Chancellor dependent upon the credibility of the witnesses is entitled to great weight. This is true because of the opportunity he has, and we do not have, to observe the manner and demeanor of the witnesses while testifying before him. Trice v. McGill, 158 Tenn., 394, 13 S. W. (2d), 49.

Although the case was tried according to the forms of law and, it is therefore, here by an appeal in error, the question of the weight of the evidence (but that only) is, by virtue of Code section 10622, triable de novo in this court, however anomalous that may be, with the burden on the appellant to show that the evidence preponderates against the decree. Morrell v. Fire Ins. Co., 168 Tenn., 137, 76 S. W. (2d), 317.

Upon an examination of all the evidence and having due regard to the weight to be accorded the Chancellor's conclusion with reference to the credibility of the respective witnesses, we think the complainant has not carried this burden and we accordingly concur in the Chancellor's factual finding.

In this connection it may be observed that it is conceded, tacitly at least, that unless the oral agreement was entered into by all of the parties it was binding on none, and we think this is manifestly the correct view. See Ritchie v. Rawlings, 106 Kan., 118, 186 P., 1033.

It is proper to say also that in examining the evidence bearing upon the alleged oral agreement and reaching the conclusion indicated, we have done so without considering other questions not necessary to mention that, perhaps, might have been made touching this phase of the case. We say this so as to make clear that we do not by implication necessarily pass on these. We hold only that the agreement was not shown; we do not get to the question of whether, if it had been, it would have availed complainants nothing under the particular circumstances of this case.

The assignment of error to the effect that the Chancellor erred in holding that "the contracts, either oral or written, were entire and individual and could not be enforced as to less than all the parties," being supported neither by argument nor by brief, may, in our discretion, properly be regarded as having been abandoned. See Rule 12 of the Court of Appeals, 17 Tenn. App., Appendix, p. IV; and compare McDonnell v. Amo, 162 Tenn., 36, 41, 34 S. W. (2d), 212; State ex rel. v. Retail Credit Men's Assn., 163 Tenn., 450, 470, 43 S. W. (2d), 918.

This is also true with respect to the assignment of error to the effect that the Chancellor erred in holding that the defendant, Mrs. Fitzgerald, "did not get $2,500.00 or any other amount from Mrs. M. E. Jackson since the making of the will."

It is insisted that the Chancellor erred in allowing interest on what is inaptly referred to as the "advancements." We are shown no authority to support this view, and think it unsound. In cases of intestacy, where the doctrine of advancements in its technical sense is applicable, the general rule is that in the absence of statutory regulation, interest is chargeable on an advancement from the date of the death of the intestate until the lapse of a reasonable time for the settlement of the estate. 1 Am. Jur., 756; Annotations 91 A. L. R., 704; Ann. Cas. 1918E, 216. And, whatever may be the rule elsewhere, we think it settled in this State that where there is a testamentary adoption of the principle of advancements, interest is chargeable from the date of the testator's death. Williams v. Williams, 83 Tenn. (15 Lea), 438, 451. See note Ann. Cas. 1918E, 216.

In the present case the Chancellor allowed interest for a period of 18 months, beginning with the date of the testator's death. This, on the theory that that period of time was allowed for the settlement of the estate. We think that to be a reasonable ruling and one that has no error of which the complainant can complain.

The result is that all of the assignments of error are overruled, the decree is affirmed and the cause is remanded for further proceedings consistent with the views herein expressed. The costs will be taxed to complainants.

Senter and Ketchum, JJ., concur.