## WYATT v. WYATT.

### No. 14697.

Court of Civil Appeals of Texas. Fort Worth.

June 8, 1945.

Rehearing Denied July 6, 1945.

J. O. Hughes, of Fort Worth, and John W. West and W. H. Hall, both of Dallas, for appellant.

Haddaway & Denny, of Fort Worth, for appellee.

McDONALD, Chief Justice.

The will of Sallie F. Wyatt was probated in the County Court of Tarrant County. Thereafter, Fred H. Wyatt, who is the appellant here, filed a proceeding in the same Court, under authority of Articles 3433–3435, Revised Civil Statutes, to declare invalid certain portions of the will. On appeal the case was tried de novo in the District Court, where, it appears from the record, the case was disposed of in part by sustaining certain special exceptions to appellant's petition, and in part by rendering judgment upon the evidence adduced.

In Item IV of the will the testatrix directs that all of her property be divided equally among her four children, including appellant and his brother, Slater B. Wyatt. Items V and VI of the will read as follows:

"Item V: I have taken up and purchased from my son Slater B. Wyatt, a note in the sum of $4272.00, dated December 28th, 1918, and due five years after its date, bearing interest at the rate of eight per cent per annum from its date, said note executed by my son Fred. H. Wyatt (F. H. Wyatt): I desire, will and direct that said note be considered a part of my estate in the partition and distribution thereof and that same be treated as an advancement to my said son Fred H. Wyatt on his portion of said estate unless he shall have paid said note prior to my death; the said note is filed with this my will and in the event

same shall be paid prior to my death the said note will be cancelled.

"Item V (Continued) : If the above note is more than my son Fred H. Wyatt's inheritance, then whatever share of the estate is his shall be appropriated towards this note which is held by my son Slater B. Wyatt, and which note is being attached to this my last will and testament.

"Item VI: I make this provision and· exception out of justice and equality in the division of my estate among my said children, that they may share and share alike in all of the estate that I shall own, the said note is to be taken as a valid obligation according to the terms and provisions thereof and treated as a part of my estate and as an advancement made to my son, Fred H. Wyatt."

Attached to the will, as it was probated, is the note above referred to, and on the back of it appears the following endorsement in the handwriting of the testatrix:

. "If Fred's note to Slater is not paid prior to my death, it is to be considered an advancement out of my estate, to my son Fred H. Wyatt.

"(Signed) Sallie F. Wyatt."

■ In his petition filed in the present proceeding, appellant charges that the estate of his mother is of the approximate value of $9,000; that under the terms of the will each of the children is entitled to one-fourth; and that appellant's share is of the approximate value of $2,250. He charges that Items V and VI, above quoted, are null and void, and would deprive him of his entire interest in his mother's estate. He alleges that such provisions are null and void for the following reasons: (1) The note in question was never taken up and purchased by the testatrix, and was not owned by her, and was not a part of her estate. (2) The note had its origin in transactions between appellant and his brother Slater Wyatt; no part of same was ever an advancement from the testatrix to appellant; and testatrix never in her lifetime advanced to appellant the amount of the note or any part thereof with the agreement between them that same was to be treated as an advancement from her estate to be accounted for by him at her death to her estate. (3) The note was not a valid obligation at the time the will was executed, being then barred ·by ·the four-year statute of limitations. (4) The direction in Item V of the will that the note be con-

sidered a part of the estate of the testatrix and treated as an advancement unless appellant shall have paid it is a void provision in itself because the note did not belong to testatrix, and she did not have the power, testamentary or otherwise, to make such note a part of her estate, nor did she have the power to create such note into an advancement. (5) The attempt in Item V to charge appellant's share in the estate with the amount of the note is null and void because it undertakes to take appellant's part of the estate to pay off an obligation barred by the statute of limitations, which appellant was no longer bound to pay. (6) Item VI is null and void because it attempts to make valid the note which was barred by limitations. (7) Item VI is void for the further reason that the fixed purpose of testatrix in her will to provide that her children shall share alike in her estate is thwarted and defeated by the provisions of Item VI undertaking to make a valid obligation of the note which had long been barred by limitations, and to make same a part of her estate when she did not own the note, and to treat same as an advancement to appellant when she did not during her lifetime pay any consideration for the note or advance any part thereof to appellant. (8) Items V and VI are void because the note was not owned by testatrix; nor was the consideration therefor advanced or paid to appellant; but the note was owned and held by Slater Wyatt; and the stated purpose is to compel appellant to pay to Slater Wyatt the note which was barred by limitations, out of appellant's share of the estate. (9) Items V and VI are void because they are against public policy in undertaking to dispose of private rights of appellant and Slater Wyatt in personal property owned by them, and in attempting to dispose of Slater Wyatt's claim against appellant, and in attempting artificially to make said note into an advancement, thus depriving appellant of due process of law.

We think that the trial court was correct in refusing to declare invalid the above portions of the will.

■ Under elementary rules of construction, the will is to be construed from its four corners, and effect given to all parts of the will if possible. There is no irreconcilable conflict in the provision dividing the estate equally among the four children, and the provision charging appellant's portion with the amount of the note

unless he shall have paid it. The specific provision controls the general one.

 The doctrine of advancements applies in a strict sense only in case of intestacy, and the technical rules as to advancements have no application where there is a will. 69 Corpus Juris, page 1031; 1 Am.Jur., p. 721. When there is a will, we will look to it to determine what is to be done with the testator's property. An advancement made before the date of the will need not be treated as such, unless the will so provides, because it will be presumed that the testator desired to dispose of his property as directed in the will, whatever might have been his purpose at the time of making the advancement. But if the testator declares in his will in unambiguous language that he has made an advancement, and that it shall be charged against the share of the one to whom the advancement was made, then his wishes are not to be ignored, because the testator is merely exercising his prerogative of determining what disposition he will make of his estate. If the language of the will is unambiguous, extrinsic evidence will not be admitted to show either that there was in fact no advancement made, or that the amount declared in the will to have been advanced was not the true amount of the advancement. The beneficiary named in the will is the recipient of a gift, and he must accept the gift, if at all, subject to the terms imposed by the giver. Supporting our holding are the cases of Jackson v. Jackson, 25 Tenn.App. 198, 154 S.W.2d 797; Wells' Estate, 184 Wis. 242, 199 N.W. 52; Manderscheid's Will, 192 Wis. 200, 212 N.W. 247; and numerous cases cited in the annotation in 94 A.L.R., at pp. 183–188. See also discussion and authorities cited in 69 Corpus Juris, p. 1031 et seq.

From the authorities cited, it will be seen that the beneficiary cannot defeat the provision of the will by showing that the so-called advancement was not made to him, but to another, (69 Corpus Juris, p. 1041), or that the advancement was made by someone other than the testator (Id., page 1037), or that the items treated as advancements, if regarded as debts, would be barred by limitations (Id. p. 1038).

It is immaterial whether Mrs. Wyatt owned the note, or whether she paid any consideration for it if she did own it, or whether it was barred by limitations. It was her privilege, under our law, to provide in her will that appellant should have a full share in the estate only if he should pay off the note.

The above holding renders it unnecessary to decide other questions discussed in the briefs of the parties.

The judgment of the trial court is affirmed.