ESTATE OF ERBACH: LONSDORF, Appellant, v. CITIZENS STATE BANK & TRUST COMPANY, administrator *de bonis non,* and others, Respondents.*

*No. 88. Argued January 2, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 238.)

* Motion for rehearing denied, with costs, April 1, 1969.

338

For the appellant there was a brief and oral argument by *David A. Gorman* of Wausau.

For the respondent Citizens State Bank & Trust Company there was a brief by *Krueger & Thums* of Wausau, and oral argument by *Raymond F. Thums*.

For the respondent Scott Langhoff there was a brief and oral argument by *C. Duane Patterson* of Wausau, guardian *ad litem* and pro se.

For the respondent Frank Hollfelder, Sr., there was a brief and oral argument by *Bernard F. Mathiowetz* of Milwaukee.

HANLEY, J.   The following issues are presented on this appeal:

(1) What weight is to be given the trial court's decision on this appeal;

(2) Did the codicil of 1966 incorporate the holographic instrument by reference; and

(3) What effect should be given to certain interlineations and changes which were made in the will of 1945?

*Weight of Trial Court's Decision.*

This court has often stated that the factual findings of the trial court will not be upset unless they are against the great weight and clear preponderance of the evidence. *Schroedel Corp. v. State Highway Comm.* (1968), 38 Wis. 2d 424, 157 N. W. 2d 562; *Eberle v. Joint School Dist. No. 1* (1968), 37 Wis. 2d 651, 155 N. W. 2d 573.

However, this court has also stated:

"The rule that findings of the trial court cannot be set aside unless against the great weight and clear preponderance of the evidence does not apply in a case . . . where the interpretation of a will rests upon the application of legal principles or rules of construction to known facts. Under such circumstances the trial court is in no better position to reach a correct conclusion than is the appellate court." *Estate of Holcombe* (1951), 259 Wis. 642, 646, 49 N. W. 2d 914. *See also: Will of Mechler* (1944), 246 Wis. 45, 16 N. W. 2d 373.

Although the facts in this case have not been stipulated, basically the case does not present a factual dispute. The primary problem on this appeal is the legal effect of the holographic instrument. This is a question of law which this court must decide based on the same factual conclusions considered by the trial court. We find the trial court's extensive analysis and weighing of the evidence very helpful.

*Incorporation by Reference.*

The cases and commentators agree that a validly executed will or codicil can incorporate the language of another document by reference.

". . . Stated generally, the doctrine [of incorporation by reference] is that a will, duly executed and witnessed according to statutory requirements, may incorporate into itself by an appropriate reference a written paper or document which is in existence at the time of the execu-

tion of the will, irrespective of whether such document is one executed by the testator or a third person, whether it is executed and attested as a will, or whether it is in and of itself a valid instrument, provided the document referred to is identified by clear and satisfactory proof." 57 Am. Jur., *Wills*, pp. 193, 194, sec. 233.

"In states which recognize the general doctrine of incorporation by reference, the following requisites must be complied with and satisfied in order to incorporate a, nontestamentary document into a will by reference. The will itself must refer to such paper to be incorporated as being in existence at the time of the execution of the will, in such a way as reasonably to identify such paper in the will, and in such a way as to show testator's intention to incorporate such instrument in his will and to make it a part thereof. Such document must in fact be in existence at the time of the execution of the will. Such document must correspond to the description thereof in the will and must be shown to be the instrument therein referred to." 2 Page, *Wills* (Bowe-Parker rev.), pp. 88, 89, sec. 19.18.

Thus, any writing may be incorporated into a will or codicil. The valid execution of the incorporating document gives testamentary validity to the incorporated document.

The trial court determined that the codicil of 1966 incorporated the will of 1945 and the holographic instrument by reference. The valid execution of the 1966 instrument gave the invalidly executed holographic instrument and the altered will of 1945 testamentary validity.

We think the rule was improperly applied to this case.

It cannot be disputed that Wisconsin has adopted the doctrine of incorporation by reference.

"The earlier instrument, dated September 21, 1874, was never so executed as to become a will. But it cannot well be doubted that the later instrument, of October 8, 1883, being sufficiently executed to become a will, has so adopted and incorporated into itself the former writing as that it has become a part of the latter instrument." *Skinner v. American Bible Society* (1896), 92 Wis. 209, 213, 65 N. W. 1037.

". . . The first will having become legally dead by revocation, we can see no way in which it could be revitalized except by some act which the law recognizes as being equivalent to execution under the statute. A codicil or subsequent writing adopting the former will, duly executed . . . would undoubtedly revive it." *Will of Noon* (1902), 115 Wis. 299, 303, 91 N. W. 670.

In *Estate of Wells* (1924), 184 Wis. 242, 199 N. W. 52, the testatrix willed her property to her sons. She provided, however, that their respective shares of her estate should be reduced by the advances they had received.

" '. . . A record of the total amount of these respective advances has been made, and is kept in my lock box at the First National Bank, Monroe, Wisconsin.' " *Estate of Wells, supra,* at page 243.

The court determined that this reference was sufficient to incorporate the record of the advances into the will.

Finally, in *Estate of Brandenburg* (1961), 13 Wis. 2d 217, 226, 108 N. W. 2d 374, the court stated:

". . . The great majority of states, including Wisconsin, have accepted the doctrine of incorporation by reference."

Although this court has frequently applied the doctrine, it has never discussed the elements which lead to its application. We think the minimum necessary elements should be:

(1) There must be an intention to incorporate;

(2) The incorporated paper or document must be in existence when the incorporated testamentary document is executed;

(3) The incorporated paper or document must be sufficiently identified; and

(4) The incorporating testamentary document must be executed in accordance with statutory requirements.

Clearly, the third requirement of sufficient identification has not been met in this case. By execution of the

codicil of 1966, the testatrix could have meant the will of 1945, the holographic instrument of 1965, or, as the trial court held, both of them taken together.

". . . A reference to the will in the codicil constitutes a sufficient identification of the will, even though the instruments are deposited in different places, provided it identifies the will with reasonable certainty." 57 Am. Jur., *Wills,* p. 415, sec. 605.

"A duly executed codicil operates as a republication of the original will and makes it speak from the new date, in so far as it is not altered or revoked by the codicil, although the codicil is not physically annexed to the will, and although the will is not in the presence of the testator at the time of executing the codicil, where it refers to the will in such a way as to identify that instrument beyond doubt." 57 Am. Jur., *Wills,* p. 428, sec. 626.

"In order to operate as an incorporation, the will must refer to the instrument to be incorporated and must describe it with sufficient certainty that it may be identified and distinguished from other similar documents." 2 Page, *Wills* (Bowe-Parker rev.), p. 96, sec. 19.23.

In all of the Wisconsin cases approving incorporation, there has been some connection between the incorporating and incorporated documents. In *Skinner v. American Bible Society, supra,* a second validly executed codicil incorporated an invalid prior codicil because both codicils were on the same piece of paper. Moreover, the second codicil specifically referred to the first. In *Estate of Wells, supra,* the testatrix referred to a

" '. . . record of the total amount of these respective advances has been made, and is kept in my lock box at the First National Bank, Monroe, Wisconsin.' "

In *Estate of Brandenburg, supra,* at page 222, the testatrix's will provided that a certain trust corpus should be paid over:

" '. . . to my son's trust estate, which is willed to charities, including those of my choosing . . . .' "

In each of these cases, the incorporated writing was described with sufficient particularity.

In this case, however, the codicil of 1966 merely refers to "my Last Will and Testament." The question as to which one is referred to still remains. The trial court was influenced by the fact that both the will of 1945 and the holographic instrument were found folded together.

"A paper placed with a will is not a part thereof where the will shows no intention to incorporate it." 2 Page, *Wills* (Bowe-Parker rev.), p. 115, sec. 19.30.

The *codicil itself* must clearly identify the incorporated written material. The codicil of 1966 did not incorporate anything by reference because it did not clearly identify what was meant by "my Last Will and Testament." The trial court actually came to this same conclusion:

". . . In the Erbach case it is difficult to ascertain the precise thinking of the testator at the time that she executed the Codicil of June 23, 1966, *which Codicil is absent of any reference to any specific instrument* and makes only a general statement to 'my Last Will and Testament.' . . ." (Emphasis supplied.)

The holographic instrument is not itself properly executed nor is it incorporated by any validly executed testamentary document. Hence its provisions may not form any part of the final decree of the probate court.[4]

---

[4] In *Blackett v. Ziegler* (1911), 153 Iowa 344, 348, 133 N. W. 901, the court stated that a reference in a codicil to "my will" would be a sufficient reference if the codicil were attached to the will.

". . . But, if not attached, there must be such reference to the will intended to be republished as to identify it, or to furnish the means for identification, without resort to any other testimony . . . ."

In *Rogers v. Agricola* (1928), 176 Ark. 287, 288, 3 S. W. 2d 26, the words

" 'This document will serve as a supplement to my last will and testament' " were held to sufficiently incorporate an invalidly executed prior will. The court specifically found, however, at pages 295 and 296, that

*Effect of Changes in Will of 1945.*

The failure of the codicil of 1966 to refer to a specific will raises an interesting problem. The will of 1945 was executed in accordance with the statutes. It could only be revoked by complying with sec. 238.14, Stats.[5] Since there never was a physical destruction of the will of 1945, nor a validly executed later will, nor a validly executed written statement of revocation, the will of 1945 remained in full force and effect at the testatrix's death.

The will of 1945 is, however, subject to the validly executed codicil of 1966. When a person has two validly executed testaments, the first one is not revoked by the second unless there is a clear statement to that effect or unless the provisions of the second testament are so clearly repugnant to the provisions of the first that they cannot stand together. *See* 57 Am. Jur., *Wills,* pp. 331, 332, sec. 474. This is especially true when the second validly executed testamentary instrument is labeled a codicil. In such instances, there is clearly no intention to revoke a prior will. When minor inconsistencies do arise between two or more valid testaments, however, the provisions of the testament executed the latest in time control. Obviously, the appointment of the executor by the codicil of

". . . The former will . . . is sufficiently referred to as to identify it as a part of his whole will. It is not shown that he made any other will at any time . . . ."

[5] "Wills, how revoked. No will nor any part thereof shall be revoked unless by burning, tearing, canceling or obliterating the same, with the intention of revoking it, by the testator or by some person in his presence and by his direction, or by some other will or codicil in writing, executed as prescribed in this chapter, or by some other writing, signed, attested and subscribed in the manner provided in this chapter for the execution of a will; excepting only that nothing contained in this section shall prevent the revocation implied by law from subsequent changes in the condition or circumstances of the testator. The power to make a will implies the power to revoke the same."

1966 controls over the executor appointed by the will of 1945.[6]

If the codicil of 1966 had specifically referred to the will of 1945 or the holographic instrument, the entire testamentary document would have been republished as of the date of the codicil. The republishing of the will would validate any changes made between the execution of the will and the execution of the codicil. However, the codicil here did not republish the will of 1945 because there was no specific reference. Therefore, the court must determine the effect to be given certain changes which the testatrix made to the will of 1945 after it had been executed.

The changes which the testatrix made can be divided into two types: crossouts and interlineations. This court has previously determined that interlineations subsequent to execution of a will have no effect. The will is construed as it was originally written. *Estate of Beale* (1962), 15 Wis. 2d 546, 113 N. W. 2d 380.

The interlineations made by the testatrix occurred in Paragraphs 2 and 4 of her will. In Paragraph 2 she wrote in the name of a co-executor. This can be completely disregarded because a validly executed codicil subsequently controlled the appointment of an executor. In Paragraph 4 of the will, the testatrix originally divided the residue of her estate as follows:

". . . in equal shares, unto my grandchildren, LEWIS PLISCH, NAN PLISCH, SUSAN PLISCH, JOHN ERBACH, TOM ERBACH, and MARIANA ERBACH, and my nephews, FRANK J. HOLLFELDER and WALTER HAUBOLDT, to-wit, each an equal ⅛ share . . . ."

---

[6] This is certainly an academic point. Letters testamentary were issued to Fred R. Erbach, the executor appointed by the codicil, on August 16, 1966. Mr. Erbach died on March 18, 1967, and the Citizens State Bank & Trust Company was appointed administrator *de bonis non* on April 4, 1967.

Sometime after the will was executed in 1945 the testatrix wrote in "Veseley" above the name of Nan Plisch, "Langhoff" above the name Susan Plisch, and "Lonsdorf" after the name Mariana Erbach. These changes merely stated the married names of the beneficiaries originally named. Completely disregarding the changes makes no difference in the distribution of the estate.

The testatrix made further changes by crossing out names from Paragraph 4 as it is set out above. She completely crossed out the names of Susan Plisch (and the added word "Langhoff" which had previously been written in), and Walter Hauboldt. Both of those persons predeceased the testatrix. The names were heavily crossed out in ink so that the original typewritten names were practically obliterated. The testatrix made one further change. Where Paragraph 4 originally stated "each an equal $\frac{1}{8}$ share," the figure "$\frac{1}{8}$" had been changed to "$\frac{1}{7}$." Subsequently the figure "$\frac{1}{7}$" was heavily crossed out in ink and the figure "$\frac{1}{6}$" was written in.

The court is again faced with the problem of partial revocation. In *Will of Byrne* (1937), 223 Wis. 503, 271 N. W. 48, the testatrix crossed out the names of her two brothers in her residue clause. The court held that this was a sufficient partial revocation.

The court commented on the *Byrne Case, supra,* in *Will of Home* (1939), 231 Wis. 227, 234, 284 N. W. 766, 285 N. W. 754:

". . . The recent case of *Will of Byrne* . . . clearly implies that alterations in a will do not render it void and have no effect except as they operate as partial revocations."

However, in *Estate of Holcombe, supra,* at page 650, the court stated that crossing out a beneficiary with a lightly drawn pencil mark did not "indicate a finality of decision."

The court then concluded, at page 651, that:

". . . all *pencil* alterations and interlineations on the will are ineffective." (Emphasis supplied.)

We hold that the heavily crossed-out names in Laura Erbach's will certainly indicated a finality of decision. We further hold that the crossing out of the names operated as a partial revocation.

The only change in the will which has not been considered is the addition of "⅙" after the figures "⅛" and "⅐" were crossed out. The crossing out of "⅛" and "⅐" operates as a revocation of that part of the will. If the figure "⅙" is deleted, the will would still read "each an equal share" and the will lists six persons who are to share in the residue. Thus the division of the residue remains the same whether the figure "⅙" remains or not.

The court has been requested to consider the problem of fees in this case. One of the respondents was a minor and a guardian *ad litem* was appointed. The minor would have received $500 under the holographic instrument. Under the 1945 will he receives nothing.

Under sec. 251.23 (1), Stats., costs are discretionary with this court.

Under sec. 324.13 (2), Stats., the court may allow compensation and expenses to a guardian *ad litem* out of the estate. We are of the opinion that the guardian *ad litem* fees and costs should be allowed out of the estate.

It is our opinion that the estate of Laura Erbach should be probated under the will of 1945 with the effective alterations and interlineations, together with the codicil of 1966.

*By the Court.*—Order and judgment reversed and cause remanded for further proceedings in accordance with this opinion.