## Davis *v.* Wilson.

### (*Jackson.* April 26th, 1888.)

1. LANDLORD AND TENANT. *Liability of purchaser of crop from tenant without notice of unpaid rent.*

   A purchaser, from a tenant, of a crop which is subject to lien for rents, is liable to the landlord for the unpaid rents to the extent of the value of the purchase, although it was made without notice of the landlord's claim.

   Code cited: §§ 4282, 4283 (M. & V.); §§ 3541, 3542 (T. & S.); Acts 1879, Ch. 72.

   Cases cited: Phillips *v.* Maxwell, 1 Bax., 31; Nelson *v.* Blakemore, 11 Lea, 290.

   (See Biggs & Moore *v.* Piper & Son, *post*, p. —.)

2. SAME. *Same. When landlord's action is barred.*

   In such case the landlord's right of action against the purchaser does not expire with the lien for rents, but subsists for six years after the rents fall due.

   Code cited: § 3472 (M. & V.); § 2775 (T. & S.).

---

### FROM OBION.

---

Appeal in error from the Circuit Court of Obion County. W. H. SWIGGERT, J.

D. D. BELL for Davis.

HARPOLE & WHITSELL for Wilson.

CALDWELL, J. Mrs. M. J. Wilson rented a tract of land to Alex. and Felix Pursley for the year

1886 for the sum of $60, payable on the 1st day of August of that year.

In June Cato Davis purchased from the tenants a crop of wheat grown upon the land; and thereafter, on the 9th day of November, 1886, Mrs. Wilson sued him before a Justice of the Peace "in a plea of debt" for the amount of the rent.

The case was appealed to the Circuit Court at Union City, and there tried by the Circuit Judge, without the intervention of a jury. Judgment was rendered against Davis for $63 (that being the amount of the rent debt with interest), and he has appealed in error to this Court.

It is abundantly shown that the landlord had not received her rent, and that the crop purchased by Davis was worth more than enough to pay it.

Nevertheless, Davis denies his liability, and assigns error upon two grounds:

"*First*—Because he bought the crop without notice of any lien.

"*Second*—Because the plaintiff's action is barred by the statute of three months."

It is true that, as a matter of fact, Davis had no notice of the existence of the landlord's lien at the time he purchased the wheat; but this is no protection to him in law, as he assumes it to be in his first assignment of error.

Under the Act of 1857–8, (T. & S.) Code, § 3542, the want of notice was a good defense to the purchaser; but his liability does not in any sense depend upon the question of notice since the Act

Davis *v.* Wilson.

of 1879, (M. & V.) Code, § 4283, which amended the former act by striking out the words, "with notice of the lien."

From the dates already given, it is seen that this suit was commenced more than three months after the maturity of the rent. For this reason it is insisted, under the second assignment of error, that the action is barred.

This position would certainly be sound if this suit had been brought with a view of enforcing the landlord's lien on the crop; for, by the express terms of the statute, the lien continues for only three months after the rent becomes due, and until the termination of any suit commenced within that period for the collection of rent. Code (M. & V.), § 4282. The application of this statute is the same whether the proceeding be against the crops in the hands of the tenant or in the hands of a purchaser. *Phillips* v. *Maxwell*, 1 Bax., 31.

But such is not the purpose of this action. No effort is made to enforce the lien, or in any other manner impound or subject the crop itself. It is an action of debt against the purchaser of the crop, under the Act of 1879, which is in these words:

"And the person entitled to the rent may recover from the purchaser of the crop, or any part of it, the value of the property, so that it does not exceed the amount of the rent and damages." Code, § 4283.

This statute gives the landlord a right of action

which is not limited by the duration of the lien against the crop—a right of action against the purchaser personally, and without reference to the existence or non-existence of the lien when suit may be brought against him.

This purchase of the crop while subject to the lien, is an interference with the rights of the landlord, and for that interference he may be sued by the landlord before the rent is due (*Richardson & Nelson* v. *Blakemore*, 11 Lea, 290), or after the lien has expired by limitation.

The statute giving this right of action, makes no provision, in terms, with respect to the time in which the suit shall be brought; but it indicates the nature of the suit by saying that it shall be "for the value of the property." This contemplates an action of debt, as upon an implied contract, or promise, on the part of the purchaser, and falls within the last clause of § 3472 of the Code, which requires that "actions on contracts not otherwise expressly provided for," shall be commenced "within six years after the cause of action accrued."

The judgment is affirmed with costs.

We concur in the above as a correct exposition of the statute in question, but regard the result as exposing the merchant or purchasing class of the community to a harsh measure of liability.

LURTON, J.
FOLKES, J.