BIGGS & MOORE *v.* PIPER & SON.

(*Jackson.*    May 5th, 1888.)

1. LANDLORD AND TENANT.  *Liability of purchaser of crop to assignee of rent note.  Act of 1879, Ch. 72, construed.*

   A purchaser, from the tenant, of a crop which is subject to the lien for rents, is liable to the *assignee of the rent note* for any amount due thereon, not exceeding the value of the crop so purchased.

   Cited: Acts 1879, Ch. 72; Code, ¿ 4283 (M. & V.).

   Cases cited and approved: Richardson *v.* Blakemore, 11 Lea, 290; Davis *v.* Wilson, *ante*, p. 519.

2. EVIDENCE.  *Parol, admissible to show true date of note.*

   Parol evidence is admissible to show the true date of a misdated note.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County.  L. H. ESTES, J.

Piper & Son sued Biggs & Moore before a Justice of the Peace on the 25th of January, 1887. Upon appeal to the Circuit Court the case was decided in favor of plaintiffs.  Defendants appealed to this Court.

The plaintiffs are assignees of a note given by a tenant to his landlord for rent of lands. · The defendants are purchasers, from the tenant, of the

crop while it was still subject to the landlord's lien for this rent note. The plaintiffs seek to recover of defendants the amount of the unpaid rents, not exceeding the value of the crop so purchased.

The rent note bore date 25th February, 1885, and was due "on or before the first day of November next." It was proved, by parol, over defendants' objection, that the true date of the note was 25th February, 1886, and that it was misdated by mistake.

ALBERT SUGGS for Biggs & Moore.

B. M. ESTES and MORGAN & McFARLAND for Piper & Son.

FOLKES, J. This case presents for our consideration the question whether the transferee of a note given by a tenant to his landlord for rent of land can maintain an action against the purchaser of the crop for the value of so much of the crop purchased from the tenant as does not exceed the value of the rent due, the purchase being made within three months of maturity of rent.

In the argument of counsel much stress is placed upon our statutes giving lien on crops for rents due, whether evidenced by note, account, or otherwise, and it is contended that this lien does not pass to the assignee of the note or account.

The view we have taken of the case does not

render it necessary for us to determine whether the statutory landlord's lien passes by assignment of the claim for rent to a third party or not. The right of the plaintiff below to maintain this action is given by the Act of 1879, Ch. 72, carried into the M. & V. Code at § 4283, which is as follows: "And the person entitled to the rent may recover from the purchaser of the crop, or any part of it, the value of the property, so that it does not exceed the amount of the rent, and damages."

It is manifest that the lien of the landlord, as given in § 4280, to continue for three months after debt becomes due, and until the termination of any suit commenced within that time for such rent, as enacted in § 4281, to be enforced by attachment, or by judgment at law against the tenant, as provided in § 4282, "is a thing apart" from the remedy by suit against the party who purchases a crop from a tenant who has not paid his rent.

Thus, in *Richardson* v. *Blakemore*, 11 Lea, 290, it has been held that, under § 4283, a suit by the landlord may be maintained against a purchaser of the crop, or any part thereof, from the tenant before any recovery of judgment against the tenant, or before the rent is due. And again, at the present term, in the case of *Davis* v. *Wilson*, we have held that under this section of the Code the landlord might sue the purchaser of the crop for the value of the property after the expiration of three months from the maturity of the debt for

rent, where the sale was made within the three months; from which it is clear that the right of action against the purchaser is not dependent upon the lien, but is an independent and substantive cause of action, given by statute, against the purchaser of crops from a tenant who has not paid his rent.

The inquiry remains, To whom is this remedy given? Is it confined to the landlord alone, or is it possessed by the assignee of the landlord? The answer need not be sought in any refinements of construction nor astuteness of reasoning. It is settled by the plain, unambiguous, and comprehensive language of the statute itself, as already above quoted. " The *person entitled to the rent,*" may recover, etc., says the statute. If it had been the purpose of the Legislature to furnish this extraordinary remedy to the landlord alone, it would have been very easy to have limited it in proper terms.

It is said that the remedy thus extended is likely to result often in hardship to innocent purchasers, since the Act of 1879, dispensing with *notice* of unpaid rent, as was required under the Act of 1857–'58, Ch. 52, § 3, where this remedy against purchaser was first given.

With the hardship, or wisdom of the act, we are not concerned; our duty is to expound it, and declare the expressed intention of the Legislature.

There was no error in the action of the Circuit Court in holding that the assignee of the

rent note could maintain his action against the party purchasing the crop from the tenant, within three months after maturity of the rent, for the value of the crops so purchased to the extent of the unpaid rent. Nor was it error to permit parol proof of the true date of the rent note, which was offered as evidence of unpaid rent. 2 Wharton on Ev.; §§ 920–923, 976, 977.

Let the judgment be affirmed, with costs.