### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION.

JACKSON, APRIL TERM, 1917.

LOULA F. DECKER *v.* E. M. RICE *et al.*

(*Jackson.* April Term, 1917.)

**LANDLORD AND TENANT.** Liability of purchaser of crops.

Under Thomp. & S. Code, sections 5302, 5302a, and 5302a1, allowing a landlord whose rent is in arrears to recover the value of the crop from the purchaser from the tenant, and making persons selling a tenant's crop and applying the proceeds to payment of tenant's indebtedness to themselves liable for such amount, only the first buyer from the tenant is liable, in absence of fraud, although under section 5299 the landlord may levy upon the crop in any person's hands.

Acts cited and construed: Acts 1857-58, ch. 25; Acts 1899, ch. 22.

Cases cited and approved: Bryan v. Buckholder, 27 Tenn., 561; Biggs & Moore v. Piper, 86 Tenn., 591; Davis v. Wilson, 86 Tenn., 521.

Code cited and construed: Secs. 5299, 5302, 5302a, 5302a1.

FROM LAUDERDALE.

Appeal from the Chancery Court of Lauderdale County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—COLIN P. McKINNEY, Chancellor.

WM. G. LYNN, for complainant.

CRAIG & BULLOCK, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint was filed seeking to recover of the defendants the value of two bales of cotton alleged to have been grown on lands of the complainant by his tenant, it being also alleged that the defendants purchased the same within the period allowed to complainant, as landlord, for the enforcement of the lien of a landlord on crops raised by his tenant.

A demurrer to the bill was sustained by the chancellor, the ground of which was that the bill did not allege that the defendants were purchasers from the tenant who produced the bales of cotton. The court of civil appeals divided on the question, the majority agreeing with the chancellor in the view that only the first purchaser of the tenant's crop is liable to respond to the landlord for the value of the property purchased.

The case is before this court on a petition for *certiorari* filed by the complainant landlord.

Whether a subvendee of the crop, or a part thereof, is so liable has never been determined by this court.

By the act of 1825, a debt for rent of land is made a lien on the crop in preference to all other debts, enforceable by attachment, or by judgment against the tenant and execution levied upon the crop "in whosesoever hands it may be." Thomp. Shan. Code, section 5299, *et seq.*

In *Bryan* v. *Buckholder*, 8 Humph. (27 Tenn.), 561, it was held that the landlord could not recover of the purchaser the value of the crop merely because the act of 1825 created a lien on the same enforceable if found in his hands, the statute receiving a strict construction.

By Acts 1857-58, chapter 52, the above act was amended so as to provide that when any person shall "purchase from any tenant" he shall be liable to the landlord. This act was codified by the same General Assembly in the Code of 1858, so as to set forth that the landlord "may recover from the purchaser of the crop, or any part of it, the value of it," etc. Thomp. Shan. Code, sections 5302 and 5302a1.

By Acts 1899, chapter 22, the statute was further amended by a provision that any factor, broker, commission merchant, or other person who sells the crop of a tenant or any portion of it, and applies the proceeds to the payment of the tenant's indebtedness to himself, "shall be liable as a purchaser" to the person entitled to the rent. Thomp. Shan. Code, section 5302a.

Decker v. Rice.

We are of opinion that the right of the landlord to so recover, being in the derogation of common law, is to be strictly construed in the matter of determining what purchasers are included for liability; and, further, that by the earlier (1857-58) and the latest (1899) legislative pronouncements only, a first purchaser is indicated to be subjected to liability to the landlord for the value of portion of the crop by him purchased. It is to be noted that it is "the" purchaser of the crop, and not "any" purchaser who is made liable.

It may, on first blush, seem somewhat anomalous that the landlord is given the right to enforce his lien on the crop itself in the hands of any subvendee, and the right withheld to proceed against the latter for the value thereof; but in *Biggs & Moore* v. *Piper,* 86 Tenn., 591, 8 S. W., 851, it was pointed out that the right of action for such value against the purchaser is "not dependent upon the lien, but is an independent and substantive cause of action, given by statute, against the purchaser of crops from a tenant who has not paid his rent."

There is no lack of reason for the distinction thus made by the legislature. When the landowner proceeds to enforce the lien on the property in the hands of a second purchaser, he must ordinarly act promptly in order to the identification and seizure of the same. The *res,* in itself, may furnish convenient proof of his right or want of right to subject it. When it passes into the posession of a third purchaser, the second purchaser is no longer liable, but the property remains

137 Tenn.—31

subject to the lien, provided the landlord can identify it. On the other hand, the remedy here sought to be asserted may be enforced against the purchaser who is truly liable at any time until the bar of the six-year statute of limitation prevents. *Davis* v. *Wilson,* 86 Tenn., 521, 8 S. W., 151. If the complainant's insistence were held good, not one but every purchaser to the remotest degree would be liable to respond, whereas but one may be subjected to loss. It is manifest that the ruling would seriously embarrass and discourage trade in agricultural commodities—a purpose to do which we would not attribute to the legislature unless compelled by statutory words that are unequivocal in meaning.

We are not dealing with a case where the first sale by the tenant is claimed to be fraudulent, colorable, or collusive, and we express no opinion as to the effect thereof.

Writ of *certiorari* is denied.