**STUDLEY & MILLARD MACHINE COMPANY, a partnership consisting of Joe H. Studley, Jr., and James H. Millard**

v.

**ENDSLEY MARBLE COMPANY, a corporation, et al.**

Court of Appeals of Tennessee, Eastern Section.

March 13, 1973.

Certiorari Denied by Supreme Court July 26, 1973.

M. H. Gamble, Jr., with Goddard & Gamble, Maryville, for appellants.

Frank B. Bird, with Bird, Navratil & Ballard, Maryville, for appellees.

## OPINION

SANDERS, Judge.

Two questions are before us on this appeal: (1) Did the Defendant enter into an oral contract with the Plaintiff and, if so, (2) Is the contract in violation of the Statute of Frauds.

The Plaintiffs, Joe H. Studley, Jr., and James H. Millard, d/b/a Studley & Millard Machine Company, filed suit in the Chancery Court for Blount County against the Defendant, Endsley Marble Company, for the sum of $4,400.00 for a stone-breaking machine which Plaintiffs contend they manufactured for the Defendant pursuant to an oral agreement.

The Defendants filed a demurrer to the bill on the grounds that the alleged contract was in violation of T.C.A. § 47–1204 of the Statute of Frauds which was in effect at the time the alleged contract was made. The demurrer was overruled.

The case was tried on depositions and the Chancellor found the issues in favor of the Plaintiffs.

Defendants have appealed and filed two assignments of error.

They insist that the Chancellor erred in overruling their demurrer and in finding the issues in favor of the Plaintiffs.

The testimony of the witnesses for the Plaintiffs and Defendants is in irreconcilable conflict. To summarize their testimony would serve only to lengthen this opinion. Suffice to say that the Plaintiffs testified that they built the stonebreaking machine, called a guillotine, especially for the Defendant at its request and it refused to pay for the machine.

The witnesses for the Defendant deny they requested the Plaintiff to build the machine for the company but say that the Plaintiff built the machine for experimental purposes with the view of creating a market for the machine with other stone companies. '

Since the Chancellor found the issues in favor of the Plaintiffs and there is credible evidence to support his findings, the case comes to us with a presumption in favor of the Chancellor's finding and we cannot say that the evidence preponderates against it.

Our review of non-jury cases such as this is governed by the following principles as set out in Roberts v. Ray, 45 Tenn.App. 280, 322 S.W.2d 435:

"While the hearing of this case here is de novo, it being a non-jury case, the Trial Judge's conclusion is supported by a presumption of correctness unless the evidence preponderates against it (T.C.A. § 27–303); and the burden is on defendant-appellant to show that the evidence does preponderate against it. Jackson v. Jackson, 25 Tenn.App. 198, 202, 154 S.W.2d 797; Morrell v. Republic Fire Ins. Co. of Pittsburg, 168 Tenn. 137, 140, 76 S.W.2d 317, 318.

"The Trial Judge's findings are entitled to great weight in such a case as this where he saw and heard the witnesses, and observed their manner and demeanor on the stand, and is, therefore, in much better position than we are to judge the weight and value of their testimony."

In support of their insistence that the Chancellor was in error in overruling their demurrer, Defendant relies upon T.C.A. § 47–1204 which was in effect at the time the alleged contract was made.

The Plaintiffs insist that, since they produced the machine especially for the Defendant, T.C.A. § 47–1204 is not controlling and they rely on the case of Anderson-Gregory Co. v. Lea, 51 Tenn.App. 612, 370 S.W.2d 934, in support of their contention, wherein the court said:

"We are satisfied from this and other authorities that by the adoption of the Uniform Sales Act it was intended that this provision of our statute should be given the 'Massachusetts Rule' construction, and that contracts which require a party to produce goods especially for the buyer which are not suitable for sale to others in the ordinary course of seller's business are not within the act. 37 C.J. S. Frauds, Statute of § 141, p. 628; 49 Am.Jur., Statute of Frauds, § 257, p. 570."

The Defendant argues that the holding in *Anderson-Gregory, supra,* should not be followed in this case because the court overlooked the history of the Uniform Sales Act in reaching its conclusion. The argument in counsel's brief is as follows:

"At the time of the alleged cause of action arose in this cause the pertinent section of the applicable Statute of Frauds was as follows:

"'47–1204. Statute of frauds.—A contract *to sell or a sale of any goods or* choses in action of the value of five hundred dollars ($500) or upwards shall not be enforc*a*ble by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.'

"Section 47–1205 of T.C.A. was as follows:

"'47–1205. Goods may be in existence or not.—(1) The goods which form the subject of a contract to sell may be either existing goods, owned or possessed by the seller, or goods to be manufactured or acquired by the seller after the making of the contract to sell, in this chapter called "future goods".

"'(2) There may be a contract to sell goods, the acquisition of which by the seller depends upon a contingency which may or may not happen.

"'(3) Where the parties purport to effect a present sale of future goods, the agreement operates as a contract to sell the goods.'"

"Therefore by definition goods to be manufactured are goods, the sale of which is subject to Section 47–1204 of T.C.A., the Statute of Frauds Section.

"The Uniform Sale of Goods Act of the State of Tennessee at the time of the alleged contract was not the same as in other states and a history of the Act in Tennessee might shed some light on Section 47–1204.

"The Uniform Sale of Goods Act was of the Public Acts of Tennessee for the first enacted in Tennessee by Chapter 118 year 1919, Sub-Section (1) of Section 4 of the Public Acts of 1919 was substantially the same as carried in Section 47–1204 of T.C.A., however, there were Sub-Sections (2) and (3) to Section 4, which were as follows:

"'(2) The provisions of this Section apply to every such contract or sale, notwithstanding that the goods may be in-

tended to be delivered at some future time or may not at the time of such contract of sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller business the provisions of this Section shall not apply.

" '(3) There is an acceptance of goods within the meaning of this Section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods.'

"Sub-Sections (2) and (3) of Section 4, were carried into Shannon's Supplement of 1926 but were omitted in Williams Code of 1934 and have not been carried in the Code of Tennessee since. Williams Code by its terms repealed all laws not included therein, therefore Sub-Sections (2) and (3) of Section 4 of Chapter 118 of the Public Acts of 1919 were repealed. Had Sub-Sections (2) and (3) of Section 4 not been repealed, it is conceded by Defendants that a contract to manufacture goods especially for a buyer, which goods are not suitable for sale to others in the ordinary course of the seller's business, would be excepted from the operation of the Statute of Frauds. Since these two sub-sections have been repealed, the exceptions have been repealed and the Act by its very terms as contained in Section 47–1205 above set out and 47–1204 above set out make all contracts for the manufacture of goods of a value of Five Hundred Dollars ($500.00) of more subject to the Statute of Frauds.

"It is interesting to note that by Chapter 81 of the Public Acts of 1963 carried in our present Code as 47–2–201 of T.C.A.

re-enacts the provision that if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of seller's business are not within the statute under certain circumstances; in other words, the Legislature has again made Sub-Section (2) of Section 4 of Chapter 118 of the Public Acts of 1919 the law in Tennessee."

Counsel's argument is persuasive. However, a complete review of the *Anderson-Gregory Co.* case, *supra,* will reveal that the court referred only to T.C.A. § 47–1204 and made no reference to that portion of the Uniform Sales Act omitted from our Code between 1934 and 1963. Also, when we read the cases upon which the so-called "Massachusetts Rule" is based, we find that Sub-Section (2) of Section 4, *supra,* was the outgrowth of the "Massachusetts Rule" and the "Massachusetts Rule" has no relation to the interpretation of this section of the Statute.

Had the court been under the erroneous impression that Sub-Section (2) of Section 4 was a part of our Statute and applicable in the *Anderson-Gregory* case, *supra,* the court would have had no reason to allude to the "Massachusetts Rule." It would have been necessary to refer only to the Statute itself.

We think the "Massachusetts Rule," as approved in the *Anderson-Gregory* case, *supra,* is controlling in the case at bar.

Defendants' assignments of error are overruled and the judgment of the Trial Court is affirmed.

The cost of this appeal is taxed to the Appellants.

COOPER, P. J. (E. S.), and PARROTT, J., concur.