**JOY FLORAL COMPANY, Appellant,**

v.

**SOUTH CENTRAL BELL TELEPHONE COMPANY, Appellee.**

Court of Appeals of Tennessee,
Western Section.

Oct. 14, 1977.

Certiorari Denied by Supreme Court
Feb. 27, 1978.

Joseph G. Cummings, Nashville, for appellant.

Robert J. Walker, Kathleen F. Carroll, Nashville, for appellee.

NEARN, Judge.

The issue in this case is whether plaintiff's proof of damages as to loss of profits is so uncertain and speculative that no valid judgment may be based upon it.

Joy Floral Company sued South Central Bell Telephone Company for damages caused by the failure of South Central to list plaintiff's telephone numbers properly in the 1974 telephone directory for the Nashville area. At the close of all the proof the Trial Judge directed a verdict for the plaintiff as to liability, but ordered stricken all evidence of plaintiff on the issue of loss of profits and instructed the jury to return a verdict for the plaintiff in the amount of undisputed actual damages of $786.45 plus nominal damages. The jury assessed the nominal damages as $10.00.

Plaintiff appeals and cites as error the action of the Trial Judge in refusing to submit to the jury the issue of damages for loss of profits.

We find no error in the action of the Trial Judge.

Plaintiff is a corporation engaged in the floral business. It has four business outlets. The main retail office is located on West End Avenue in Nashville. A smaller branch retail office, the uptown shop, is maintained in the uptown Nashville area. A wholesale operation is conducted on Church Street in Nashville and a greenhouse is maintained in east Nashville. All offices are conducted under the name "Joy".

Most of plaintiff's main office business is accomplished over the telephone. The defendant failed to list, in the white pages of the 1974 telephone directory, Joy's main office number and night numbers. However, the yellow pages of the directory correctly listed all of Joy's outlets including the main office and the night numbers. In fact, the yellow pages list the main office number three times and the night numbers once.

Prior to the distribution of the 1974 directory, the omission in the white pages was discovered, and the defendant installed an intercept on the uptown office line to refer customers to the correct number for the West End shop. A supplement to the telephone directory was issued by defendant showing the omitted white page listings. Plaintiff sent to its customers stickers containing the omitted numbers, to be affixed to the telephone book. Also, plaintiff ran announcements in the local newspaper which advised the general public of the omitted white page listings. The cost to plaintiff of the stickers, announcements, etc. amount to the undisputed $786.45 heretofore mentioned.

**192**

Witnesses for plaintiff testified that from April 1974 through April 1975 (the period of time between the issuance of a directory with omitted listings and the issuance of a new corrected directory) plaintiff received fewer telephone calls at its main office than it had received the previous year. However, the walk in business during that period increased. Witnesses further testified that customers complained of the inconvenience and difficulty surrounding placing a call to the main office. Over objection of defendant these witnesses all opined that they could account for the decrease in incoming calls only by the fact that the main office number and night numbers were not listed in the white pages.

The accountant for the plaintiff testified that the main office store had experienced a steady growth in gross receipts over previous years except for the one year it was without its main office listing. Specifically, he stated that the main office gross telephone sales were down approximately $30,-000.00 from the previous year or a 6.2 percent drop in gross sales.

In a proper case, loss of net profits is compensable. Gross sales loss is not. Gross sales may increase and profits at the same time decrease. The converse may also be true. In short, we find no proof in this record from which a jury could ascertain a true loss of net profits to the plaintiff without engaging in gross speculation. Such speculation is legally impermissible. *Anderson-Gregory Co. v. Lea* (1963 M.S.) 51 Tenn.App. 612, 370 S.W.2d 934.

The result is that the judgment below is affirmed. Costs are adjudged against the appellant and surety.

Honorable WILLIAM S. RUSSELL, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Presiding Judge C. S. CARNEY.

Done at Nashville in the two hundred and second year of our Independence and in the one hundred and eighty-second year of our Statehood.

MATHERNE, J., and WILLIAM S. RUSSELL, Special Judge, concur.