ACTION ADS, INC., Plaintiff-Appellee,

v.

WILLIAM B. TANNER COMPANY, INC., Defendant-Appellant.

Court of Appeals of Tennessee, Western Section.

March 19, 1979.

Certiorari Denied by Supreme Court Aug. 27, 1979.

G. Philip Arnold, Louis R. Lucas, G. Dennis Watson, Memphis, for defendant-appellant.

B. R. Hester, Memphis, for plaintiff-appellee.

SUMMERS, Judge.

The plaintiff-appellee, Action Ads, Inc., sued the defendant-appellant, William B. Tanner Company, Inc., for breach of contract. The case was heard in the circuit court without a jury, and the trial judge found for the plaintiff. The defendant appealed the verdict and assigned as error:

1. The trial court erred in its finding that the defendant William B. Tanner Company, Inc. acted on its own behalf when the contract of July 12, 1971 was executed.

2. The trial court erred in its finding that the defendant William B. Tanner Company, Inc. was liable for the entire amount of the breached contract when the plaintiff made no attempt to mitigate damages.

3. The trial court erred in its finding that the plaintiff was entitled to recover the full amount of the contract, $22,500.00, less $218.75 for services not performed since the contract showed on its face that fifteen per cent (15%) of the contract amount could not have been paid to the plaintiff even if the contract had been performed.

The plaintiff, a New Jersey corporation, sells transit advertising to be placed on

buses and subway cars in the State of New Jersey. The defendant, a Tennessee corporation, is engaged in various facets of the advertising business. Its principal office is located in Memphis, Tennessee, and it has several other offices throughout the United States.

The plaintiff and the defendant fully performed a contract for advertising Tanya Hawaiian Tanning Oil in the years 1969, 1970 and 1971. Mr. Tanner, president of the defendant corporation, wrote to Mr. Weiss, president of the plaintiff corporation, on November 2, 1970, stating that "we wish to renew the contract for an additional two years in accordance with the authorization of Mr. Gutcheon." Mr. Gutcheon was the president of the Tanya Company.

On July 12, 1971, another contract was entered into between the plaintiff and the defendant which provided that the plaintiff would install and maintain advertising material in and on buses and subway cars for the defendant in May, June, July and August of each of the years, 1972, 1973 and 1974. For this advertising the defendant agreed to pay to the plaintiff the sum of $22,500.00 per year. The contract provided that the subject of advertising was to be "Tanya Hawaiian Tanning Oil". The contract also provided that a fifteen per cent agency commission would be allowed to the defendant. A further provision of the contract was that it could be cancelled after the first year or after the second year.

On June 1, 1972, William B. Tanner notified the president of the plaintiff corporation that he had no alternative but to cancel the contract as Mr. Gutcheon of the Tanya Corporation was not going to honor the contract. Mr. Tanner testified at the trial that his company was acting as an agent for the Tanya Company in executing this contract, but he could not recall if the contract for this advertising had been placed with his company through Tanya or through Tanya's advertising agency, Honig-Cooper & Herrington. The defendant offered no proof of written or oral authorization for it to execute the contract of July 12, 1971, on behalf of Tanya.

A letter dated May 23, 1972, from Honig-Cooper & Herrington was introduced as an exhibit at the trial. In this letter Mr. Howard of the advertising company wrote to Mr. Tanner: "No authorization either written or verbal was given to your company or to Bobby Weiss for advertising beyond that stipulated in our letter of agreement dated October 9, 1968. The last date for advertising space was August 31, 1971".

The cases in Tennessee have held that agency must be proved by the party asserting it, and agency may not be proved by the statements of the agent. *Robertson v. Lions*, 553 S.W.2d 754 (Tenn.App.1977); *Testerman v. Home Beneficial Life Ins. Co.*, 524 S.W.2d 664 (Tenn.App.1974); *Wade v. Whitsitt*, 9 Tenn.App. 436 (1928).

■ Apparently, there is no dispute that the defendant was authorized by Tanya to enter into the contract for advertising for the years 1969, 1970 and 1971. This contract was completed. However, it is a general proposition of law that unless otherwise agreed upon, an agent is subject to a duty not to act after the termination of his authority. *Tabor v. Mason Dixon Lines, Inc.*, 196 Tenn. 198, 264 S.W.2d 821 (1953).

■ We have read the cases cited in the brief of the defendant, and we are not persuaded that they are controlling on the case at bar. For example, in the case of *Marcus Loew Booking Agency v. Princes Pat*, 141 F.2d 152 (7th Cir., 1944), which is relied on by the defendant, there was no promise to pay by the agent executing the contract. However, in the contract entered into between the plaintiff and the defendant, the defendant agreed to pay the sums set forth in the contract. The contract is signed by the defendant, and at no place in the contract does it appear that the defendant was signing for Tanya or as Tanya's agent.

We agree with the trial court that the defendant was acting in its own behalf when it executed the contract of July 12, 1971. Therefore, the defendant's first assignment of error is respectfully overruled.

*Anderson-Gregory Co., Inc. v. Lea*, 51 Tenn.App. 612, 370 S.W.2d 934 (1963), held that in an action for a breach of contract the injured party is bound to use all proper means and efforts to protect himself from loss and can charge the other party only for such damages as by reasonable endeavors on his part he could not prevent. In accord with this statement is *Tampa Electric Company v. Nashville Coal Company*, 214 F.Supp. 647 (M.D.Tenn.1963). However, this later case also says: ". . . the burden of showing that losses could have been avoided by reasonable effort and expense is on the party who breached the contract. . . ." Also see: *State ex rel. Chapdelaine v. Torrence*, 532 S.W.2d 542 (Tenn.1975), and *United States of America for the use of E & R Construction Co., Inc. v. Guy H. James Construction Co.*, 390 F.Supp. 1193 (M.D.Tenn.1972).

*Tampa, supra*, further holds:

The critical factor in determining fulfillment of a plaintiff's duty to mitigate is whether the method which he employed to avoid consequential injury was reasonable under the circumstances existing at the time. The rule with respect to the mitigation of damages may not be invoked by a contract breaker "as a basis for hypercritical examination of the conduct of the injured party, or merely for the purpose of showing that the injured person might have taken steps which seemed wiser or would have been more advantageous to the defaulter." *In re Kellett Aircraft Corp.*, 186 F.2d 197, 198–199 (3d Cir., 1950). As stated in McCormick, Damages, Sec. 35 (1935), "a wide latitude of discretion must be allowed to the person who by another's wrong has been forced into a predicament where he is faced with a probability of injury or loss. Only the conduct of a reasonable man is required of him." . . .

The defendant presented no evidence of any other advertising that the plaintiff could have procured to take the space reserved for Tanya. The president of the plaintiff corporation testified that he knew of no advertising to take the place of the Tanya advertising and that he did not try to secure other advertising. He said it was his understanding if he did secure other advertising while under a binding contract with the defendant, his advertising agency as well as the New Jersey Transit Authority, with whom the plaintiff had a contract to place advertising on its buses and subways, could be sued for breach of contract. The president of the plaintiff corporation further testified that most advertising space of this type is secured well in advance of when it is to be used. The contract for the year 1972 was to run for the months May, June, July and August. When the contract was cancelled by the president of the defendant corporation on June 1, 1972, one month had already run on the contract.

■ This court finds that the defendant corporation has not sustained the burden of proving that the plaintiff could have mitigated its damages by securing other advertising. Therefore, the second assignment of error of the defendant is respectfully overruled.

■ The purpose of assessing damages in a breach of contract suit is to place the plaintiff, as nearly as possible, in the same position he would have been in had the contract been performed. *Chambliss, Bahner & Crawford v. Luther*, 531 S.W.2d 108 (Tenn.App.1975), and *Hawkins v. Reynolds*, 62 Tenn.App. 686, 467 S.W.2d 791 (1971). However, it is well settled law that the injured party is not to be put in a better position by recovery of damages for breach of contract than he would have been in if the contract had been fully performed. *Great American Music Machine, Inc. v. Mid-South Record Pressing Company*, 393 F.Supp. 877 (M.D.Tenn.1975).

■ If the contract in this case had been completed, the plaintiff would have been paid the sum of $22,500.00, less a fifteen per cent agency commission allowed to the defendant. We think that the trial court was in error in not allowing the fifteen per cent set off against the $22,500.00 awarded to the plaintiff. Without this set off, the plaintiff would be in a better position than

it would have been in had the contract been fully performed.

Therefore, we sustain the third assignment of error of the defendant.

We affirm the lower court's ruling and only modify it by allowing a fifteen per cent set off from the $22,500.00 judgment, which is in addition to the $218.75 set off granted by the lower court. The costs in this cause are taxed to the defendant.

MATHERNE and EWELL, JJ., concur.