Myra WINEBARGER, Plaintiff-Appellee,

v.

Mary Helen WINEBARGER, Defendant-Third Party Complainant-Appellant,

v.

Myral Oliver WINEBARGER, Third Party Defendant-Appellee.

Court of Appeals of Tennessee,
Eastern Section.

April 5, 1983.

Permission to Appeal Denied by
Supreme Court June 27, 1983.

Horace M. Brown, Brown & Gibson, P.C., Maryville, for Mary Helen Winebarger, defendant-third party complainant-appellant.

Charles H. Child, Child, O'Connor & Petty, Knoxville, for Myra Winebarger and Myral Oliver Winebarger.

## OPINION

FRANKS, Judge.

In this action, plaintiff recovered judgment for loans to her former daughter-in-law, defendant Mary Helen Winebarger, and Mary Helen recovered a judgment for contribution against her former husband, Myral Oliver Winebarger, third-party defendant.

Defendants have appealed.

■ The chancellor determined that from August, 1974 to February, 1976, plaintiff advanced moneys to her son and daughter-in-law in the amount of $30,867.79. The chancellor further determined:

> There is, however, no real question that the amount of money in dispute, in fact, was paid, and defendant herself has not seriously contended that in some manner she received the money.

and concluded:

> Plaintiff advanced the money. We believe it was her money, under the evidence. It is found that the initial advance of approximately $23,000.00 and the additional advances were advanced with the intent that they be repaid and that Mary H. Winebarger, having signed a note, understood that she was to repay them.

The evidence does not preponderate against the findings of the chancellor. At the time of the transactions, the defendant owned and operated the Ponderosa Motel in Knoxville. The evidence establishes the money advanced was applied to mortgage payments, taxes and other operating expenses of the motel.

At trial, plaintiff produced a handwritten note signed by Myral and Mary Helen dated September 10, 1974, which stated:

> We promise to pay to the order of:
> Myra Oliver Winebarger
> Rt. 2, Piney Flats
> Sullivan Co. TN. 37686
> *Twenty three thousand* and No/100 Dollars On second mortgage on Ponderosa Motel property With interest from maturity at *8%* per annum.

■ Defendant's first issue raises the defense of the statute of frauds and she argues the alleged oral promises are unenforceable because the loans of money could not "reasonably be performed within one year". The provision of the statute of frauds specifically plead in the answer is T.C.A., § 23–201(2) (now T.C.A., § 29–2–101(2)), and is inapplicable to the argument made before this court, *see* Tennessee Rules of Civil Procedure, Rule 8.05, and apparently the issue was not raised before the chancellor; moreover, it is without merit as the evidence establishes the loans could have reasonably been repaid within one year. The testimony as to the terms of the loans was admissible. *See Anderson-Gregory Co. v. Lea,* 51 Tenn.App. 612, 370 S.W.2d 934 (1963).

■ Next, defendant argues the chancellor improperly permitted oral testimony to establish that the note dated September 10, 1974, was actually executed in 1975. As a general rule, parol evidence is admissible to show the true date of execution and delivery of a contract although contradicting the date shown in the body of the instrument. *District of Columbia v. Camden Iron Works,* 181 U.S. 453, 21 S.Ct. 680, 45 L.Ed. 948 (1901); *Biggs & Moore v. Piper & Son,* 86 Tenn. 589, 8 S.W. 851 (1888); *Garner's Lessee v. Johnston,* 7 Tenn. (1 Peck) 24 (1822); 30 Am.Jur.2d, *Evidence,* § 1039; 32A C.J.S., *Evidence,* § 963. The chancellor properly permitted evidence to establish the date of execution and delivery of the note.

■ Defendant argues the chancellor improperly admitted oral testimony and copies of checks and savings account records in violation of the best evidence rule. The plaintiff, after testifying to the advancements, offered a handwritten list of the advances, which was accepted in evidence without objection. As we understand defendant's argument, she insists the best evidence of the indebtedness would be notes or cancelled checks or other documentation. We resolve the issue against defendant because no timely objection was interposed and the best evidence rule is inapplicable to

the evidence. *See generally,* Paine, *Tennessee Law of Evidence; Best Evidence,* § 230 et seq. (1974).

Both defendants appeal the chancellor's treatment of the issues of indemnification and contribution in the third-party action. The chancellor conducted a subsequent hearing and dismissed the third-party complaint for contribution but ordered Myral Winebarger to contribute one-half of the principal amount of the promissory note, together with applicable interest, upon Mary Winebarger paying the plaintiff. Mary argues she had supported her former husband during the marriage and paid a large number of bills including payments for his truck. Myral Winebarger argues the proceeds of the loans went into the motel, which is the property of Mary free of any claims of Myral under the divorce decree.

The chancellor observed:

We think that the final judgment and settlement in the divorce proceeding preclude opening up questions of payment of money back and forth between Myral Winebarger, the third-party defendant here, and his wife, Mary, third-party plaintiff here. That proceeding settled all the rights between the parties except the suit which was then pending between Mr. Winebarger's mother and the third-party plaintiff here, Mary Winebarger. The specific parts of the settlement agreement which was approved in the judgment provided: "The parties understand and expressly recognize there is currently pending in the Chancery Court for Knox County, Tennessee, Part II, an action bearing docket number 69633 entitled Myra Winebarger versus Mary Hellen Winebarger. The parties to this property settlement stipulate that this property settlement agreement in no way affects the matters or issues raised in litigation bearing the aforesaid docket number 69633, but otherwise said property settlement agreement is a full and complete property settlement agreement between these parties."

The chancellor concluded the property settlement did not continue any rights as to property matters between Mary and Myral and rejected Mary's argument that claim for contribution or indemnity could be based upon advances made by Mary to her husband during the marriage, and likewise rejected Myral's argument that the payment of the moneys on the motel would defeat a right of contribution.

■■■ Generally, contribution accrues upon the payment of a principal obligation. 18 Am.Jur.2d, § 9 and § 83, and a *prima facie* case is made out for contribution when it is shown that one of two joint debtors has paid more than a moiety of the common debt and, further, it is a general rule of apportionment in contribution that, in the absence of proof to the contrary, all co-obligors must contribute equally in discharging their common obligations. 18 Am. Jur.2d, *Contribution,* § 106. These rules are followed in this jurisdiction. *U.S. Cas. Co. v. Standard Acc. Ins. Co.,* 175 Tenn. 559, 136 S.W.2d 504 (1940); *Elkins Const. Co. v. Naill Bros.,* 168 Tenn. 165, 76 S.W.2d 326 (1934); *Cage v. Foster,* 13 Tenn. 261 (1833); *Brooks v. Honeycutt,* 56 Tenn.App. 458, 408 S.W.2d 404 (1966). In *Brooks,* this court, quoting from *Gibson's Suits in Chancery,* § 1012 at 264 (5th ed., 1955), said:

"Where two or more persons are bound by a common charge, not arising from a tort, and one of them pays more than his share of the common liabilities, he can compel the other or others to reimburse him. This rule of Equity is based on the broad principle that where one person has discharged more than his share of a debt or obligation which others are equally bound with him to discharge, the others ought in conscience to refund to him enough to reduce his burden to an equality with theirs. In a Court of Chancery equality is equity." *See also Baxter v. Smith,* 211 Tenn. 347, 364 S.W.2d 936; Restatement of Restitution, Sec. 81, p. 360; 18 Am.Jur.2d, Contribution, Sec. 8, p. 16.

"The primary requisites of the equitable right to contribution and the obligation to contribute, and of the correspond-

ing right and obligation at law, are (1) a situation wherein the parties are in aequali juri under some common obligation or burden, and (2) compulsory payment or other discharge, by the party seeking contribution, of more than his fair share of the common obligation or burden." 18 Am.Jur.2d, Contribution, Sec. 7, p. 16.

Where benefits are received, the party claiming contribution cannot generally compel his co-obligors to contribute to the expense without permitting them to share in the benefits. 18 Am.Jur.2d, *Contribution*, § 84. However, we agree with the chancellor's interpretation of the settlement agreement in the divorce, which was concluded during the pendency of this case, in not permitting either party to go behind the settlement agreement for the purposes of showing which party receives the ultimate benefits from the loans.

The judgment of the chancellor is affirmed, with costs incident to the appeal assessed one-half to Mary Winebarger and one-half to Myral Oliver Winebarger.

PARROTT, P.J., and GODDARD, J., concur.