# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION AT KNOXVILLE

FILED

January 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| LJB, INC., d/b/a LAUREL WOOD FARM, a Tennessee Corporation, and LAWRENCE J. BANNIER, | ) ) ) ) | HAMILTON CHANCERY |
| Plaintiffs/Appellees | ) ) | NO. 03A01-9706-CH-00243 |
| v. | ) ) | HON. HOWELL N. PEOPLES, Chancellor |
| BUFORD L. CRAIG, GLEN L. CRAIG, SOUTHERN GARDEN DESIGNS, INC., GLEN L. CRAIG, d/b/a BUFORD L. CRAIG GENERAL CONTRACTORS, INC., and SOUTHERN GARDEN DESIGNS, INC., d/b/a NORTH RIVER NURSERY, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) ) | AFFIRMED AS MODIFIED |
| Defendants/Appellants | ) | AND REMANDED |

W. Gerald Tidwell, Jr., Chattanooga, for the Appellants.
H. Owen Maddux, Chattanooga, for the Appellees.

## O P I N I O N

INMAN, Senior Judge

This is an action for damages for breach of contract involving the sale of the assets of a corporation doing business as North River Nursery in Chattanooga. The selling price was $370,000.00, to be paid $305,000.00 cash and $65,000.00 in seven (7) promissory notes, each of which provides

> "That all or a substantial portion of the debt evidenced hereby shall be paid by work to be performed . . . . . as set out in a letter . . . "

1

which recited that the obligor would rough clear 45 acres for $500.00 per acre, windrow the brush for burning, disc clear land, and broadcast seed. Since the debt would thereby be reduced by only $22,500.00, the parties later agreed that the defendants would earn additional credits against the $65,000.00 in promissory notes by constructing a barn on the premises for cost plus 15 percent.

In October 1992 the defendants claimed that the value of their work in clearing the land and building the barn exceeded their $65,000.00 debt and quit the project.

The plaintiff thereupon employed the same subcontractors previously employed by the defendants and finished the barn. One year later, this action was filed. The prolix complaint alleges, *inter alia*, that the plaintiffs demanded that the defendants finish the clearing work. They also alleged that some of the clearing work was 'inept,' because the brush was not windrowed for burning. The critiquing allegations were denied by the defendants, who pleaded that the work performed by them exceeded the amount of the notes.

The land clearing was described as pastures A, B and C. It is not disputed that the plaintiff expended, after the defendants left the job, $2,000.00 to finish the clearing of pasture A and $7,545.00 to finish the clearing of pasture B.

The trial court accepted the testimony of an expert witness, Tom Mills, as to the cost to complete pasture A and pasture B and *what it would cost to complete pasture C,* which Mills estimated at $17,360.00, and determined that the plaintiffs were entitled to recover $65,000.00, evidenced by the notes plus interest at ten percent per annum since November 1, 1992; damages for the clearing of the land of $26,900.00, (pasture A, $2,000.00; pasture B,

2

$7,545.00; and pasture C, $17,360.00), attorneys' fees in the amount of $15,000.00, and discretionary costs of $993.35. The total recovery was $91,905.00, exclusive of interest, attorneys' fees, and costs.

The Chancellor then allowed the defendants credits for the use of their scaffolding, $1,944.00; $450.00 for the use of a generator; for clearing the land a total of $15,930.00 (pasture A, $4,000.00; pasture B, $3250.00; pasture C, $8,680.00); and labor, equipment, and supplies on the barn, $40,845.42; for a total credit of $59,169.42, and entered judgment for $32,269.42[1] plus $15,000.00 attorneys' fees and costs.

The appellant presents two issues for review, which we reproduce verbatim:

## ISSUES

I.  Did the court err in allowing damages in the amount of $17,360.00 for completion of pasture C, which work had not been done at the time of trial, constituting future damages and damages which place the plaintiff in a better position than he would have been had the contract been fulfilled?

II. Did the court err in allowing damages for failure to pay a promissory note including the amount left owing, interest and attorney's fees, and also allowing damages for what essentially appears to be negligence for work not completed on the pasture land?

Our review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d).

## I

---

[1] Had the court calculated correctly, the total would have been $32,735.58: $91,905 damages less $51,169.42 credits.

We think both issues must be answered in the affirmative. The Chancellor found that for clearing a portion of the land and building the elaborate barn the defendants earned a credit of $59,169.42 against their $65,000.00 debt.[2]

By letter dated June 1, 1991 the defendants agreed to:

" . . . provide sufficient equipment to clear 45 acres of treed land for a fee of $500.00 per acre. This service shall include windrowing of brush, discing cleared land and broadcasting seed . . ."

Two months later, the series of promissory notes were executed, to which we have alluded. It is significant to a resolution of this case that at the behest of the plaintiff, the defendants shifted the focus of this work to the construction of the elaborate barn. Under the agreements, as found by the Chancellor, and considered in *pari materia*, the defendants owed only $65,000.00. The barn work, valued at $40,845.42, diminished the debt, leaving only $24,154.58 that could properly be claimed. This conclusion leads to the issue of the value of the land clearing services performed by the defendants and whether this value should be reduced by any amount of damages for failure to windrow or failure to clear.

The appellants argue that they "owed the appellee value, not the completion of a particular pasture or building." We think this argument is well-taken. The judgment as rendered places the plaintiff in a better position than if the contract(s) had been fully and strictly performed. *See, Action Ads, Inc. v. William B. Tanner Co., Inc.,* 592 S.W.2d 572 (Tenn. App. 1979). The plaintiff is not entitled to multiple damages for the same wrong. There is no

---

2

The technical record contains 105 pages, most of which are unnecessary. It does not, however, include the judgment, the provisions of which we extrapolate from three (3) memorandum opinions and the briefs.

4

evidence that the clearing work performed by the defendants lacked value, or was unnecessary; the complaint essentially is that the clearing and windrowing were not completed. Because the defendants were working subject to a total debt of $65,000.00, the intervention of the barn work must be taken into account.

The Chancellor found that the work done by the defendants on parcels A, B and C had a total value of $15,930.00, that the defendants also used their scaffolding ($1,944.00) and generator ($450.00), and that the value of their work on the barn was $40,845.42, aggregating a reasonable value of $59,169.42 which, when offset from the aggregate of the promissory notes [$65,000.00], leaves $5,830.58 owing.

We find the evidence preponderates against the finding that the defendants are liable for any amounts paid, or to be paid, by the plaintiffs to complete the clearing and windrowing of pastures A, B and C and bring them up to the plaintiffs' desired standards, since the defendants have paid their $65,000.00 debt to the plaintiffs except for the above-mentioned $5,830.58.

Interest at 10 percent per annum beginning November 1, 1992 on $5,930.58 is awarded.

Each of the promissory notes provides for reasonable attorney fees. The appellant argues that the amount awarded by the court is excessive and beyond the preponderance of the evidence. We agree.

We have examined the print-out of the services performed by the attorney for the plaintiff, and we are unable to determine what portion of the fee of $15,000.00 was allowed for the claim of damages; obviously, a fee of $15,000.00 to recover a balance on the notes of less than $6,000.00 cannot be justified. The rectification of this issue requires that the award of fees be

5

vacated, and that the case be remanded for a determination of the proper amount.

The judgment is modified and vacated accordingly and the case is remanded. Costs are assessed to the appellee.

_____
William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge

6